[No. 21071.   Department Two.   January 3, 1929.]

DANIEL MORGAN, *et al., Respondents,* v. UNION AUTO-MOBILE INSURANCE COMPANY, *Appellant.*[1]

*F. A. McMaster,* for appellant.

*E. Eugene Davis,* for respondents.

FULLERTON, C. J.—On July 10, 1926, the respondent Bicknell was the owner of an automobile truck, on which there was an unpaid chattel mortgage in favor of his co-respondent Morgan.  On the date given, Bick-

[1]Reported in 273 Pac. 527.

nell procured insurance on the truck, against loss or damage by fire, from the appellant, Union Automobile Insurance Company.

While the insurance premium seems to have been based on a valuation of fifteen hundred dollars, it was provided, by a rider attached to the policy, that should a total loss occur the company's liability should be the actual cash value of the truck at the time of the loss, anything in the policy to the contrary notwithstanding. On August 4, 1926, during the life of the policy, the truck was destroyed by fire, and in due time proofs of the loss were made to the company, pursuant to the terms of the policy.

The company, however, refused to recognize liability under the policy, and thereupon the present action was instituted by the respondents, jointly, to recover thereon. There was a trial by jury and verdict returned in favor of the respondents. The appeal before us is from the judgment entered upon the verdict.

The respondents in their complaint declared upon the contract evidenced by the insurance policy; averring that there had been a total loss of the insured property, and that it was, at the time of its loss, of the actual cash value of two thousand dollars.

The appellant answered, by which it admitted the issuance of the insurance and the loss of the property by fire, but denied that the property was of the actual cash value of two thousand dollars, or of any greater value than three hundred dollars. By a first affirmative defense, it alleged that the respondents had knowingly made false and fraudulent representations with intent to deceive in their application for the insurance, in that they had represented that the truck was a 1923 model of the manufacturer, whereas in truth and in fact it was a model of 1917 and 1918; and had represented that the purchaser Bicknell had paid two thou-

sand dollars for the truck, whereas in truth and in fact he had paid therefor only one thousand dollars. By a second separate affirmative defense, it alleged that they had made the same false and fraudulent representations in their proofs of loss.

Issue was taken on the allegations of the separate defenses by denials. To the second of the affirmative defenses, the following plea was also interposed:

"Further pleading to defendant's second affirmative defense, plaintiffs allege that said sworn statement of loss was made to defendant long after defendant had fully investigated said loss and was fully advised of all the conditions thereof and said sworn statement was not made with any intent to deceive, and was not in any manner calculated to deceive defendant and that if said defendant had any defense to this action by reason thereof, defendant waived the same, by receipt thereof, fully investigating said loss and acknowledging liability for the same and agreeing to pay plaintiffs the sum of $850 in settlement thereof."

The appellant moved to strike that part of the quoted paragraph wherein it is alleged that appellant acknowledged liability for the loss, and agreed to pay the plaintiffs the sum of $850 in settlement thereof. This motion the court overruled.

On the issues of fact, the evidence was sufficient to carry the case to the jury. While it appeared, without controversy, that the statements in the written application which was forwarded to the company were erroneous in the particulars set out in the appellant's answer, the evidence was in conflict as to which of the parties was responsible for the error.

The insurance was requested by the respondent Morgan at the solicitation of the other respondent, and he orally gave to the agent of the company such information as he had concerning the character and condition of the truck. The written application was filled out

by the agent, and it was not signed by or submitted to Morgan or Bicknell before it was forwarded to the company, and our reading of the testimony convinces us that the erroneous statements it contained were a result of a misunderstanding on the part of the agent of Morgan's statements.

But mere erroneous statements of this sort are not alone sufficient to defeat the policy or prevent it from attaching. To have such an effect, they must have been made with an intent to deceive (Rem. Comp. Stat., § 7078), and the jury could well find in this instance that there was no such intent.

■ Of the errors assigned which are thought to require a new trial, the first to be noticed is the refusal of the court to strike from the reply the matter before referred to. But we find no reversible error in the court's ruling. Whether the matter alleged was sufficient for the purpose for which it was evidently intended, we need not determine, as there was no controversy over it at the trial. The questions submitted to the jury were two, namely, whether the respondents had made false representations with the intent to deceive, in order to procure the insurance, and what was the value of the property destroyed. It is impossible to conceive that the mere presence of the allegation in the pleadings could have had any effect on the jury in the determination of these questions.

■ The respondent Bicknell purchased the truck from one Adrian Magallon. Magallon was called as a witness on behalf of the respondents, and was permitted to testify, over the objection of the appellant, as to the price he paid for the truck when new, and as to its value when he sold it to the respondent.

It is objected to the first part of this testimony that the price paid for the truck when new could have no

possible bearing on its actual cash value at the time it was destroyed by fire.

It may be conceded that, standing alone, the evidence had no great probative effect on the question the jury were required to determine, and it may be further conceded that, had nothing else appeared as to the value of the truck, it would not have warranted a verdict in favor of the respondent. But the evidence did not stand alone, even when tested by the testimony of the particular witness. He not only testified to the cost price of the truck when new, but testified to the care that had been given it, and to the use to which it had been subjected while in his possession, and the condition it was in when he turned it over to the respondent.

In showing the actual cash value of the truck at the time it was destroyed, the respondents were entitled to show all of the circumstances having a bearing upon the question, and we are not persuaded that the cost price of the truck, when taken with the other testimony, was not enlightening to the jury.

The precise question seems not to have been heretofore determined in this court, but, for cases where the cost price was treated as evidence of value, see the following: *McGraw v. Franklin,* 2 Wash. 17, 25 Pac. 911, 26 Pac. 810; *Jackson v. Lamar,* 67 Wash. 385, 121 Pac. 857; *Brinnon Logging Co. v. Carlsborg Mill & Timber Co.,* 120 Wash. 644, 208 Pac. 3.

The objection to the testimony as to value was based on the ground that the witness was not qualified to so testify. But he knew the original cost of the truck, knew the care that had been given it and the use to which it had been subjected, and had used the truck in the conduct of his business. This we think qualifies him to give his estimate of the value of the truck in question.

██ The court gave to the jury the following instruction:

"The laws of this state provide:

" 'No oral or written misrepresentation or warranty made in the negotiations of a contract or policy of insurance by the assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with intent to deceive.'

"In this connection you are instructed that if you find from the evidence that the plaintiffs, or either of them, made false statements to the defendant's agent with intent to deceive defendant's agent and said false statements were made of matters material to the issuance of the policy of insurance and were made with an intent to deceive the defendant and for the purpose of procuring the amount of insurance written, then your verdict must be for the defendant."

It is objected to the instruction that the court did not define to the jury what was meant by the phrase, "matters material to the issuance of the policy of insurance," used therein. The appellant did not request an instruction defining the meaning of the terms, nor did its exceptions to the instruction point out to the court the particular matter to which they are now directed. For this reason we think the exceptions are not available to the appellant. But the ruling can be rested on a broader ground. The course of the trial pointed out to the jury what these material matters were, and their verdict could not have been rested upon any misunderstanding of the issues.

The appellant requested certain instructions, but it is sufficient to say that in so far as they were material to the issues, they were covered by the instructions given by the court.

The judgment is affirmed.

BEALS, HOLCOMB, and MAIN, JJ., concur.